IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **RICHARD J. BAKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | NO. 6:15-CV-00146-JRG-KNM |
| | § | |
| **MICROSOFT CORPORATION;** | § | |
| **UBISOFT HOLDINGS, INC.;** | § | |
| **RESPONDESIGN, INC.; NINTENDO OF** | § | |
| **AMERICA INC.; ELECTRONIC ARTS** | | |
| **INC.; HARMONIX MUSIC SYSTEMS,** | | |
| **INC.; THQ INC.; MAJESCO** | | |
| **ENTERTAINMENT,** | | |
| | | |
| **Defendants.** | | |

**MICROSOFT, UBISOFT, NINTENDO, ELECTRONIC ARTS, AND MAJESCO'S**
<u>**MOTION TO TRANSFER TO THE WESTERN DISTRICT OF WASHINGTON**</u>

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 1

    A.    The Nature and Stage of the Proceedings ............................................. 1

    B.    No Material Evidence is Located in this District ................................... 2

        1.    Plaintiff ...................................................................................... 2

        2.    Microsoft .................................................................................... 2

        3.    Nintendo of America ................................................................... 5

        4.    Ubisoft ........................................................................................ 6

        5.    EA. ............................................................................................. 6

        6.    Majesco Entertainment ............................................................... 7

III.  THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF WASHINGTON ............................................................................. 8

    A.    The Claims Against Defendants Could Have Been Brought in the Western District of Washington ........................................................... 8

    B.    The Private Factors Favor Transfer to the Western District of Washington ......... 9

        1.    Baker's Choice of Venue Should Not Be Afforded Any Weight .............. 9

        2.    Access to Sources of Proof Favors Transfer ............................... 9

        3.    Convenience of the Parties and Witnesses Favors Transfer .................. 10

        4.    No Other Practical Problems Will Result From Transfer ....................... 12

    C.    The Public Factors Favor Transfer to the Western District of Washington ........ 13

        1.    Administrative Difficulties Favor Transfer ............................... 13

        2.    The Local Interests of the Western District of Washington Favor Transfer ............ 13

IV.   IN THE ALTERNATIVE, THE NINTENDO AND MICROSOFT PORTIONS OF THE CASE SHOULD BE SEVERED .................................................................. 14

# TABLE OF AUTHORITIES

**Page**

C<small>ASES</small>

*Adaptix, Inc. v. HTC Corp.*,
    937 F. Supp. 2d 867 (E.D. Tex. 2013) .................................................................11

*Balthasar Online, Inc. v. Network Solutions, LLC*,
    654 F. Supp. 2d 546 (E.D. Tex. 2009) .................................................................13

*Brite Smart Corp. v. Google Inc.*,
    No. 2:14-cv-760-JRG-RSP, 2015 WL 4638215 (E.D. Tex. Aug. 3, 2015) ........9, 12

*In re EMC Corp.*,
    677 F.3d 1351 (Fed. Cir. 2012)......................................................................14, 15

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)....................................................................8, 9, 10

*In re Hoffmann La-Roche*,
    587 F.3d 1333 (Fed. Cir. 2009)...........................................................................14

*In re Microsoft*,
    630 F.3d 1361 (Fed. Cir. 2011)..............................................................................9

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009).................................................................. *passim*

*In re Toa Techs., Inc.*,
    543 F. App'x 1006 (Fed. Cir. 2013) .....................................................................10

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)..............................................................................9

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ............................................................................8, 13

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ............................................................................9, 13

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)........................................................9, 12, 13, 14

*NovelPoint Learning LLC v. LeapFrog Enters., Inc.*,
    Case No. 6:10-cv-00229-JDL, 2010 WL 5068146 (E.D. Tex. Dec. 6, 2010) ..........9

**TABLE OF AUTHORITIES**

(continued)

**Page**

*Vantage Point Tech., Inc. v. Amazon.com, Inc.*
    Case No. 2:13-cv-909-JRG, 2015 WL 354026 (E.D. Texas Jan. 26, 2015)...........................11

*Wireless Recognition Techs. v. A9 Com, Inc.,*
    Nos. 2:10-cv-364-JRG, 2:10-cv-365-JRG, 2:10-cv-577-JRG, 2:10-cv-578-
    JRG, 2012 WL 506669 (E.D. Tex., Feb. 15, 2012) ...............................................................13

**STATUTES**

28 U.S.C. § 1404(a) .....................................................................................................................8

35 U.S.C. § 299...........................................................................................................................14

# I.    INTRODUCTION

At heart, Plaintiff Richard Baker's ("Baker") claims are disputes between an Australian individual and out-of-state companies, none of which have relevant ties to this District. The patent owner (Baker) is based in Queensland, Australia. The two video game console defendants, Microsoft Corp. ("Microsoft") and Nintendo of America Inc. ("NOA" or "Nintendo"), are headquartered in Redmond, Washington, within the Western District of Washington. The software defendants filing this motion, Ubisoft, Inc. ("Ubisoft"), Electronic Arts Inc. ("EA"), and Majesco Entertainment Co. ("Majesco"), are largely located on the west coast, primarily in Northern California.[1] The Western District of Washington is clearly more convenient than the Eastern District of Texas.

The facts compel transfer. The Western District of Washington is clearly more convenient for Microsoft and Nintendo, which is where they are headquartered and the bulk of their documents and witnesses are located. The Western District of Washington is also more convenient for the moving software defendants—companies that have business-related connections to that district and for whom travel to Western Washington is more convenient. The Western District of Washington would also be more convenient to potential non-party witnesses and the Plaintiff. By contrast, none of the parties have ties to this District. Microsoft, Nintendo, Ubisoft, EA, and Majesco therefore respectfully ask the Court to grant this motion.

## II.    FACTUAL BACKGROUND

### A.    The Nature and Stage of the Proceedings

In February 2015, Mr. Baker sued eight Defendants for alleged infringement of U.S. Patent No. 5,486,001, which expired over two years earlier on January 23, 2013.[2] Baker's

---

[1] Harmonix, the only remaining defendant not joining this motion, has filed a motion to dismiss for lack of personal jurisdiction. Dkt. No. 51. Harmonix does not oppose this transfer motion, but does not join it in view of Harmonix's pending motion to dismiss.

[2] Original Complaint, Dkt. No. 1. Baker has since dismissed defendants THQ, Inc. and Responedesign, Inc. Dkt. Nos. 12 (THQ dismissal) and 61 (Responedesign dismissal).

allegations against Defendants generally fall into two groups: (1) claims against Nintendo's Wii console and Ubisoft's "Your Shape for Wii" video game and camera[3]; and (2) claims against Microsoft's Kinect camera and Xbox 360 console, and video games designed for use with the Xbox 360 and Kinect from EA, Harmonix, Majesco, and Ubisoft.[4] Mr. Baker's Complaint appears to be focused on video games that allow the player to use a motion sensing camera for sports, dance and fitness games.

**B.    No Material Evidence is Located in this District**

**1.    Plaintiff**

Mr. Baker's only known address is in Australia.[5] He has no known ties to the Eastern District of Texas. He does not appear to have any employees or principals in this District. Mr. Baker's only known United States activities related to his claims in this case are obtaining the patent-in-suit and alleged pre-suit communications to Nintendo in Western Washington, Microsoft in Western Washington, and EA in Northern California.[6]

**2.    Microsoft**

Microsoft's principal place of business is in Redmond, Washington, within the Western District of Washington.[7] Microsoft's video game business—including design, development, marketing, sales and finance for its Xbox consoles and Kinect and its coordination with third party game developers that make games for the Kinect—is run from its Redmond headquarters.

With respect to the Kinect, although some early research relating to skeletal tracking, facial recognition and motion-based input was conducted by Microsoft Research in Cambridge,

---

[3] Ubisoft also released a PC version of the game, "Your Shape for PC," which is also identified in Baker's Complaint. Baker Amended Compl. at 7 (regarding Ubisoft).

[4] Baker Amended Compl. at 7 (regarding Ubisoft), 12 (regarding EA), 13 (regarding Harmonix), 14 (regarding THQ), 15-16 (regarding Majesco). Mr. Baker's Complaint also identifies The Biggest Loser Ultimate Workout for Kinect, which was identified for now-dismissed defendant THQ Inc.

[5] Baker Amended Compl. at 2.

[6] Although Mr. Baker alleges he had presuit communications with Microsoft and EA, neither company has been able to locate such correspondence in its files to date.

United Kingdom and Beijing, China, the project was passed to the Xbox team in the Interactive Entertainment Business (IEB) business unit at Microsoft's headquarters in Redmond as Microsoft sought to commercialize the technology.[8] The work of designing and developing the Kinect occurred in Redmond.[9]

With respect to third party video games compatible with the Kinect, Microsoft's interactions with game developers were run out of Redmond.[10] Microsoft hosted game developers at its headquarters in Redmond to introduce them to the Kinect, and hosted developers at its Xfest event in Redmond.[11] Individuals from Microsoft would also visit game developers at their offices to work with them on Kinect development; for example, individuals from Microsoft visited Ubisoft in Northern California and Paris, EA in Burnaby, British Columbia, Canada, and Harmonix in Massachusetts.[12] The Microsoft employee expected to be most knowledgeable about such interactions is James Miller, Microsoft's General Manager for Third Party Development Management, based in Redmond, Washington; Mr. Miller's team is also based in Redmond.[13]

Microsoft's marketing and promotion for the Xbox 360 and Kinect was run from Redmond.[14] Microsoft's finances for its video game console and accessories (including the Xbox 360 gaming console and Kinect motion sensing input device) are managed by the controller for the IEB business unit, who is based in Redmond, as well as a team of finance professionals from

---

[7] Leyvand Decl. ¶ 2.

[8] *Id.* ¶ 6.

[9] *Id.*

[10] *Id.* ¶ 7.

[11] *Id.*

[12] With respect to Harmonix's Dance Central in particular, and unlike most third-party games on the Xbox platform, Microsoft served as publisher of the title. As a result, Microsoft and Harmonix met more regularly to discuss marketing and technical aspects of the title during development, including visits from Harmonix's team to Redmond, Washington to meet with Microsoft. *Id.* ¶ 8.

[13] *Id.* ¶ 7.

Price Waterhouse Coopers, also located in Redmond.[15]

Microsoft maintains the vast majority of its potentially relevant documents in Redmond, and employees expected to be knowledgeable about design, development, sales, marketing, and financial facts relevant to this case work out of Redmond.[16] Relevant potential witnesses from Redmond include Microsoft employees Tommer Leyvand, Robert Craig, Kareem Choudhry, James Miller, and Josh Hutton, as well as former employees (now non-parties) Momin Al-Ghosien and Samuel Mann.[17] No relevant documents related to the Xbox 360 and Kinect motion sensing input device are located in Texas, except material that might be shared with retailers or distributors throughout the United States.[18]

Microsoft employs over 100,000 people, of which approximately 1,950 full-time Microsoft employees work in Texas.[19] The majority of those employees work in Las Colinas, Texas and Austin, Texas, on sales, marketing, and customer support for products other than video games.[20] No Microsoft employees in Texas worked on design, development, marketing or finance for Microsoft's video game business.[21] No Microsoft employees in Texas worked on the Xbox consoles (Xbox 360 or Xbox One) or the Kinect motion sensing input device, or for any first-party Microsoft-developed games for the Xbox consoles.[22] Moreover, to the extent there are third party game developers in Texas with whom Microsoft has interaction, no Texas game developers are believed to have been involved in development of the games at issue in this case.[23] Finally, although Microsoft has retail stores in Texas, there are no employees or

---

[14] Leyvand Decl. ¶ 9.

[15] *Id.* ¶ 10.

[16] *Id.* ¶ 15.

[17] *Id.* ¶¶ 7, 11-13.

[18] *Id.* ¶ 16.

[19] *Id.* ¶ 14.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

documents located in those stores that are expected to be relevant to the issues in this case.[24] In any event, such knowledge or documents is common to Microsoft Stores nationwide (including the five stores in Washington state).[25]

### 3. Nintendo of America

NOA has no presence in this District. NOA is a wholly-owned subsidiary of Nintendo Co., Ltd. ("NCL"), with its principal place of business in Redmond, Washington.[26] NOA is responsible for marketing and selling the Wii in the United States. Employees knowledgeable about sales, marketing, and financials for NOA mainly work out of Redmond, Washington.[27] NOA also has an office in Redwood City, California that is responsible for marketing.[28] NOA also has a small New York retail-focused office.[29] That office has no relevant witnesses or documents.[30] Relevant NOA witnesses include Rod Teuber (Redmond, WA), Chris Guinn (Redmond, WA) and Nicholas Chavez (Redwood City, CA).[31]

NOA maintains most of its potentially relevant documents in Redmond and Redwood City.[32] NOA's documents in Redmond include marketing, sales, and financial materials, in addition to technical documents describing the Wii, such as software-development-kits (SDKs) and other technical materials.[33] NCL maintains design and development documents relating to the accused products in Kyoto, Japan.[34]

NOA and NCL have two subsidiaries with employees in Texas: NES Merchandising,

---

[24] Leyvand Decl. ¶ 18.

[25] *Id.*

[26] Kiel Decl. ¶¶ 2-3.

[27] *Id.* ¶¶ 5-6.

[28] *Id.* ¶ 7.

[29] *Id.*

[30] *Id.*

[31] *Id.* ¶ 9.

[32] *Id.* ¶ 6-7.

[33] *Id.*

[34] *Id.* ¶ 4.

Inc., a subsidiary of NOA; and Retro Studios, an NCL subsidiary. NES Merchandising is a retail-merchandising company that assists retail customers with sales promotions, *e.g.*, by providing in-store displays. NES Merchandising has no role in design or development of the accused products and has no employees with information relevant to this case.[35] Retro Studios is a game software design studio with no role in design or development of the accused products, and also has no employees with knowledge relevant to this case. Neither NES Merchandising nor Retro Studios is located in the Eastern District.[36]

### 4.    Ubisoft

Ubisoft is located in San Francisco, California, within the Northern District of California. Ubisoft marketed, published, and distributed *Your Shape* for Wii, *Your Shape* for PC, *Your Shape Fitness Evolved,* and *Your Shape Fitness Evolved 2012* from its headquarters in San Francisco.[37] While *Your Shape* for Wii and PC were developed by a studio in Barcelona, Spain, and the *Your Shape Fitness Evolved* and *Your Shape Fitness Evolved 2012* titles were developed by a studio in Montreal, Canada, any documents in Ubisoft's possession regarding the design, development, sales, finances, or marketing of the games are stored and/or accessible at its headquarters in San Francisco.[38] In addition, employees knowledgeable about sales, marketing, and financials for the *Your Shape* games are located in San Francisco, including Loic Amans and Adam Novickas.[39] Ubisoft does not have any relevant witnesses or documents in this District.

### 5.    EA

EA's corporate headquarters are in Redwood City, California, which is within the Northern District of California.[40] The design and development of *EA Sports Active 2.0*, however, was done primarily at EA Canada in Burnaby, British Columbia, Canada. EA Canada's offices

---

[35] Kiel Decl. ¶ 4.

[36] *Id*. ¶¶ 4, 8.

[37] Amans Decl. ¶¶ 2-4.

[38] *Id*. ¶¶ 4, 6.

[39] *Id*. ¶ 5.

[40] Wood Decl. ¶ 3.

are outside of Vancouver, approximately 135 miles from Seattle, Washington, United States.[41] Marketing for the game was also done from EA Canada in Burnaby.[42] Individuals who worked on the game and are still employed by EA include Alban Wood (Burnaby, Canada), Thomas Singleton (Maitland, Florida), and Deanna Beat (Burnaby, Canada).[43] Documents related to development, marketing and sales/financial information for the *EA Sports Active 2.0* game are located primarily in Burnaby, Canada and Redwood City, California.[44] EA has an office in Austin, Texas, but no EA employees in Texas worked on design, development, or marketing of *EA Sports Active 2.0* and no documents related to *EA Sports Active 2.0* are located in Texas.[45]

### 6.    Majesco Entertainment

Majesco also has no presence in this District. Majesco markets and sells the accused game nationwide.[46] Majesco has its principal place of business in New Jersey.[47] Majesco previously maintained several offices in California, however, where in-house production of the accused game occurred.[48] Two former employees who were principally responsible for the development and production of Majesco's accused game still reside in California.[49] These individuals are no longer employed by Majesco.[50] Majesco employees frequently traveled to the Western District of Washington in connection with the accused game.[51] One of the principal game developers for the accused game is located in Eugene, Oregon, and the employees who worked on the game are believed to still reside in Oregon.[52] The other principal game developer

---

[41] Wood Decl. ¶¶ 2, 5.

[42] *Id.* ¶ 5.

[43] *Id.* ¶¶ 4, 6.

[44] *Id.* ¶ 7.

[45] *Id.* ¶ 8.

[46] Sutton Decl. ¶ 14.

[47] *Id.* ¶ 2.

[48] *Id.* ¶ 7.

[49] *Id.* ¶¶ 8-9.

[50] *Id.* ¶¶ 8-10.

[51] *Id.* ¶ 11.

[52] *Id.* ¶ 4.

is located in the United Kingdom.[53] Three other third-party vendors who participated in the production of the game are all located in California.[54] Majesco has never had any offices or operations in Texas.[55]

## III.    THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF WASHINGTON

Courts may transfer a civil action "[f]or the convenience of parties and witnesses, in the interests of justice" to any district "where it might have been brought."  28 U.S.C. § 1404(a). Transfer "should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff."  *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)). The facts in this case warrant transfer to the Western District of Washington.

## A.    The Claims Against Defendants Could Have Been Brought in the Western District of Washington

The first inquiry under 28 U.S.C. § 1404(a) is whether the transferee district would have jurisdiction to hear the case. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). Microsoft and NOA are each headquartered in the Western District of Washington with a principal place of business in Redmond, and thus each is subject to personal jurisdiction there. As to EA, Majesco, and Ubisoft, each has at least the same contacts with the Western District of Washington as Baker alleges are sufficient to establish jurisdiction in this District. In addition, EA, Majesco, and Ubisoft have had business-related activity in the Western District of Washington in their dealings with Microsoft.[56] Ubisoft has similarly engaged in business-related

---

[53] Sutton Decl. ¶ 5.

[54] *Id*. ¶ 6.

[55] *Id*. ¶ 13.

[56] In the event Harmonix's motion to dismiss for lack of personal jurisdiction (Dkt. No. 51) is denied and the Court finds that there is personal jurisdiction over Harmonix in the Eastern District of Texas, personal jurisdiction would also exist in Western District of Washington. Although Harmonix contends it does not have sufficient contacts with the Eastern District of Texas, it does have sufficient contacts with the Western District of Washington. *See* Leyvand Decl. ¶8.

activities in the Western District of Washington with Nintendo.

**B.      The Private Factors Favor Transfer to the Western District of Washington**

In determining whether to transfer a case, the Court must analyze various private and public interest factors. *See In re Nintendo*, 589 F.3d at 1198 (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)). The private interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) all other practical problems. *In re Zimmer Holdings, Inc.,* 609 F.3d 1378, 1380-81 (Fed. Cir. 2010).

**1.      Baker's Choice of Venue Should Not Be Afforded Any Weight**

Baker's choice of venue should be given no weight. He does not have an address in Texas. His only known address is in Australia.[57] Further, Baker does not appear to have any employees or principals in this District, nor does he appear to conduct research or development in this District. *In re Microsoft Corp.,* 630 F.3d 1361, 1365 (Fed. Cir. 2011) (citing *In re Zimmer Holdings,* 609 F.3d at 1381); *cf. NovelPoint Learning LLC v. LeapFrog Enters., Inc*., No. 6:10-cv-229-JDL, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 6, 2010) (an ephemeral entity "does not have (1) employees in the transferor form; (2) principals that reside in the transferor forum; or (3) research and development-type activities in the transferor forum.").

**2.      Access to Sources of Proof Favors Transfer**

The Fifth Circuit in *In re Volkswagen of Am., Inc. (Volkswagen II)* confirmed that physical accessibility to sources of proof, including documents, is a relevant factor in the transfer analysis. 545 F.3d 304, 314-15 (5th Cir. 2008); *see also In re Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (citation and quotation marks omitted); *Brite Smart Corp. v. Google Inc.*, No. 2:14-cv-760-JRG-RSP, 2015 WL 4638215, at *2 (E.D. Tex. Aug. 3, 2015) (same).

---

[57] Baker Amended Compl. at 2 (Dkt. No. 44).

The overwhelming majority of relevant documents are on the West Coast, and largely centered around the Western District of Washington. Nintendo's likely relevant documents include its design and development materials, sales and marketing materials, and financial materials. These materials are in Washington, California and Japan.[58] Microsoft's documents are largely located in the Western District of Washington.[59] EA's potentially relevant documents are located in Burnaby (135 miles from Seattle) and Redwood City, California (25 miles from San Francisco).[60] Ubisoft's relevant documents are stored or accessible from its headquarters in San Francisco, which is far closer to the Western District of Washington.[61] Majesco's documents are largely located in New Jersey, but relevant third-party documents related to the design and development of the accused game are likely located in Oregon and California.[62] Harmonix's documents are likely in Massachusetts, but potentially relevant documents pertaining to the Harmonix game are likely to be with Microsoft in Redmond because Microsoft published the game and worked closely with Harmonix on its development and marketing.[63]

Baker's relevant documents, to the extent any exist, are not likely in this District either. Because the bulk of likely relevant evidence resides in or near the Western District of Washington, this factor heavily favors transfer. *See In re Nintendo*, 589 F.3d at 1199-1200; *In re Toa Techs., Inc.*, 543 F. App'x 1006, 1009 (Fed. Cir. 2013).

### 3.    Convenience of the Parties and Witnesses Favors Transfer

Witness convenience is an important factor. *In re Nintendo*, 589 F.3d at 1198-99 (citations omitted). Indeed, the "convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech*, 566 F.3d at 1343 (citation and quotation

---

[58] Kiel Decl. ¶¶ 4-9
[59] Leyvand Decl. ¶¶ 15-16.
[60] Wood Decl. ¶¶ 2, 3, 7.
[61] Amans Decl. ¶¶ 4-6.
[62] Sutton Decl. ¶¶ 4-12.
[63] Leyvand Decl. ¶ 8.

marks omitted). While the Court must consider the convenience of both the party and non-party witnesses, "the convenience to non-party witnesses is afforded greater weight than that of party witnesses." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 875 (E.D. Tex. 2013) (citation omitted). Further, "when the distance between an existing venue for trial of a matter and a proposed venue … is more than 100 miles, the factor of inconvenience to witnesses increases in direct relation to the additional distance to be travelled." *Id.*

Regarding Baker's Wii-related claims, this factor heavily favors transfer because Ubisoft and Nintendo employees are the most likely trial witnesses. Nintendo's likely witnesses are situated in Western Washington or Northern California, while Ubisoft's likely witnesses are situated in Northern California or outside of the United States.[64] Additionally, the former Ubisoft employee who presented the *Your Shape* for Wii game at the E3 convention in California in 2009 now resides in Redmond, Washington.[65] Any travel to the Western District of Washington would be significantly more convenient for Nintendo and Ubisoft than travel to this District.[66]

To the extent technical witness testimony is required from Nintendo's Japanese parent company, NCL, witnesses will have to travel internationally for trial testimony. Travel from Tokyo to Tyler is more burdensome than travel from Tokyo to Seattle.[67] *See also In re Nintendo*, 589 F.3d at 1198-99 (citations omitted). It is also significant that there are direct flights from Tokyo to Seattle, but not to from Tokyo to Tyler.[68] *See Vantage Point Tech., Inc. v. Amazon.com, Inc. et al.*, Nos. 2:13-cv-909-JRG, 2:13-cv-928-JRG,  2015 WL 354026, at *3 (E.D. Tex. Jan. 26, 2015) (Gilstrap, J.) (availability of direct flights favored transfer). The Western District of Washington is significantly closer to Japan than this District.[69]

---

[64] Amans Decl. ¶ 5; Kiel Decl. ¶¶ 6-9.

[65] Amans Decl. ¶ 6.

[66] McFarland Decl. ¶¶ 2-9 (comparing travel times and distances); Kiel Decl. ¶ 10.

[67] McFarland Decl. ¶¶ 9-13 (comparing travel times and distances); Kiel Decl. ¶ 12.

[68] McFarland Decl. ¶¶ 3, 6.

[69] *Id.* ¶¶ 7-9.

Likewise, this factor also heavily favors transfer when it comes to Baker's Xbox 360-related claims against Microsoft, EA, Majesco, Harmonix and Ubisoft. Microsoft's potentially relevant witnesses are in the Western District of Washington.[70] EA's potentially relevant witnesses are primarily in Burnaby, Canada, with one individual who worked on the accused game now in Florida.[71] Majesco's likely witnesses are located in Oregon, where the three primary employees believed to have participated in development of the game are believed to still reside.[72] Three other vendors involved in the production of the game are located in California.[73] Additionally, Harmonix has interacted with Microsoft, including by having its employees visit Microsoft's headquarters in Redmond.[74] Moreover, several non-party, former Microsoft engineers with relevant information relating to the Kinect camera still reside in or near Redmond, Washington.[75] *See Brite Smart*, 2015 WL 4638215, at *2 (presence of third-party witnesses in transferee forum favors transfer).

Baker's only likely fact witness appears to be Baker himself. He lives in Queensland Australia.[76] Travel time between Queensland and Seattle is shorter than between Queensland and Tyler.[77]

### 4.     No Other Practical Problems Will Result From Transfer

The final private factor–consideration of other practical issues that make trial of the case easy and efficient–also favors transfer. *In re Zimmer Holdings*, 609 F.3d at 1380-81. The case is in its early stages, a scheduling conference has not occurred, discovery has not begun, and no trial date has been scheduled. In addition, all Defendants either have joined this motion to

---

[70] Leyvand Decl. ¶¶ 7, 11-13.

[71] Wood Decl. ¶¶ 4-6.

[72] Sutton Decl. ¶ 4.

[73] *Id*. ¶ 6.

[74] Leyvand Decl. ¶ 8.

[75] *Id*. ¶ 12.

[76] Baker Amended Compl. at 2 (Dkt. No. 44).

[77] McFarland Decl. ¶¶ 9, 14-17 (comparing travel times and distances).

transfer to the Western District of Washington or do not oppose the present motion. *See Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 552-53 (E.D. Tex. 2009) (granting transfer to N.D. Cal. when non-moving defendants did not oppose).

**C.     The Public Factors Favor Transfer to the Western District of Washington**

The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) forum's local interest in the dispute; (3) forum's familiarity with governing law; and (4) avoidance of unnecessary conflicts of law problems. *In re Zimmer Holdings*, 609 F.3d at 1381.

**1.     Administrative Difficulties Favor Transfer**

The administrative difficulties factor favors transfer. The Western District of Washington is less congested than the Eastern District of Texas. For the twelve-month period ending December 31, 2014, the median time from filing to disposition and from filing to trial was greater in this District than in the Western District of Washington, as were the number of civil cases more than three years old.[78] In the same period, this District had the twelfth most pending cases in the nation (695), approximately 75% greater than in Washington (398).[79] This District had the third most active caseload in the nation (1,226 filings), more than double the weighted caseload of the Western District of Washington (545).[80]

**2.     The Local Interests of the Western District of Washington Favor Transfer**

The local interests strongly favor adjudication in the Western District of Washington. This factor is important because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (citation and quotation marks omitted). As such, transfer is appropriate where none of the operative facts occurred in the district and where the district has no particular local interest in the outcome of the case. *See Volkswagen II*, 545 F.3d at 318; *see also Wireless Recognition Techs. v.*

---

[78] McFarland Decl. ¶ 18, Ex. Q (U.S. Courts Judicial Caseload Profiles).
[79] *Id*. ¶ 18.
[80] *Id*.

*A9 Com, Inc.*, Nos. 2:10-cv-364-JRG, 2:10-cv-365-JRG, 2:10-cv-577-JRG, 2:10-cv-578-JRG, 2012 WL 506669, at *6 ("Interests that 'could apply virtually to any judicial district or division in the United States,' such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests.") (citation omitted); *see also In re Nintendo*, 589 F.3d at 1198.

Baker is not at home in this District. In contrast, both Microsoft and Nintendo are headquartered in the Western District of Washington and employ thousands of workers there. While the game software defendants are not based in the Western District of Washington, Baker's allegations specifically implicate their use of Microsoft and Nintendo's technologies, and, by extension, certain employees of Microsoft and Nintendo. *See In re Hoffmann La-Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (noting the transferee forum's local interest in adjudicating the case "remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community"). Thus, the Western District of Washington has a significant interest in this action while this District has none.[81]

## IV.    IN THE ALTERNATIVE, THE NINTENDO AND MICROSOFT PORTIONS OF THE CASE SHOULD BE SEVERED

To the extent the Court is not inclined to transfer the entire case, Nintendo asks that the Court sever Baker's claims against Nintendo and Ubisoft relating to *Your Shape* for Wii under 35 U.S.C. § 299.[82] Parties accused of infringement may be joined in one action "only if" a right to relief arises out of the same transaction or occurrence relating to selling the same accused product. *In re EMC Corp.*, 677 F.3d 1351, 1355-56 (Fed. Cir. 2012). "[J]oinder is not

---

[81] The other two public interest factors—the transferee forum's knowledge of the relevant law and avoidance of conflicts of law—are neutral.

[82] If the Court transfers this entire case, Defendants anticipate that they may ask the Western District of Washington to consider separate trials for the Nintendo portion of the case and Microsoft portion of the case. Of course, there is much pretrial work to be coordinated across all Defendants, and the issue of trial structure need not be decided by this Court at this juncture if the entire case is transferred.

appropriate where different products or processes are involved." *Id.* at 1359. "[I]ndependently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

Baker's claims of infringement against games designed for Microsoft's Xbox 360 and the Kinect camera and the claims of infringement against Nintendo relating to Ubisoft's *Your Shape* for Wii game are based on independently-developed, and incompatible, products.[83] As discussed above, Baker's allegations against Nintendo are based on the use of Ubisoft's *Your Shape* for Wii product.[84] This is a product sold for use with the Nintendo Wii console along with a camera provided by Ubisoft. Although Ubisoft is also accused of infringement based on different "Your Shape" titles for the Microsoft Xbox 360 and Microsoft Kinect camera (*Your Shape Fitness Evolved* and *Your Shape Fitness 2012*), they are distinct products that were developed by a separate team of programmers located a continent away from the group that made *Your Shape* for Wii.[85]

Thus, to the extent the Court is disinclined to transfer the entire case, Nintendo respectfully requests that Baker's claims against Nintendo relating to its Wii console and Ubisoft's *Your Shape* for Wii video game and camera be severed under § 299 and transferred to the Western District of Washington.

---

[83] *See* Section II.B.4, *supra*.
[84] Baker Amended Compl. at 10 (Dkt. No. 44).
[85] *See* Section II.B.4, *supra*.

Dated:  August 11, 2015

/s/ Jonathan L. McFarland
Jonathan L. McFarland
jmcfarland@perkinscoie.com
Tyler C. Peterson
tylerpeterson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel: 206.359.8000/Fax: 206.359.9000

Clyde M. Siebman, Texas Bar No. 18341600
Siebman, Burg, Phillips & Smith LLP
Federal Courthouse Square
300 North Travis Street
Sherman TX 75090
Phone (903) 870-0070
Fax (903) 870-0066
clydesiebman@siebman.com

*Attorneys for Defendant*
*Nintendo of America Inc.*

/s/ Sonal N. Mehta (with permission)
Sonal N. Mehta
smehta@durietangri.com
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA 94111
415-362-6666

Jennifer Parker Ainsworth
jainsworth@wilsonlawfirm.com
Wilson Robertson & Cornelius PC
909 ESE Loop 323
Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
903-509-5000

*Counsel for Microsoft Corporation and*
*Electronic Arts Inc.*

*/s/ Michelle L. Marriott (with permission)*
Michelle L. Marriott
Eric A. Buresh
Mark C. Lang
**Erise IP, P.A.**
6201 College Blvd., Suite 300
Overland Park, Kansas  66211
(913) 777-5600
(913) 777-5601 – fax

Melissa Smith
**S**tate Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257

*ATTORNEYS FOR DEFENDANT*
*UBISOFT, INC.*

*/s/ Zachary D. Silbersher (with permission)*
Zachary D. Silbersher
zsilbersher@kskiplaw.com
Kroub Silbersher & Kolmykov PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel: 212.323.7442

*Attorneys for Defendant*
*Majesco Entertainment Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

/s/ *Jonathan L. McFarland*
Jonathan L. McFarland

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the meet-and-confer requirement of Civil L.R. 7(h) has been complied with and Plaintiff opposes this motion to transfer. On August 3, 2015, Plaintiff conferred with counsel for Nintendo, Jonathan L. McFarland, about the relief requested in this Motion. The discussions between the parties conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Jonathan L. McFarland*
Jonathan L. McFarland